**STATE of Iowa, Plaintiff–Appellee,**

v.

**Ernest HENNING, Jr.,
Defendant–Appellant.**

**No. 63169.**

Court of Appeals of Iowa.

Nov. 26, 1980.

Richard P. Schwarm of Branstad & Schwarm, Lake Mills, for defendant–appellant.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for plaintiff–appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant, Ernest Henning, Jr., appeals from conviction upon his guilty plea to a charge of assault with intent to inflict serious injury in violation of sections 708.1(1) and 708.2(1), Supplement to the Code 1977. He alleges 1) that trial court erred accepting his guilty plea when the record does not show that he understood specific intent to inflict serious injury was an element of the offense or that he acknowledged possessing such intent, 2) that trial court erred in failing to adequately determine the existence of a factual basis for the guilty plea, 3) that trial court erred in failing to require full disclosure of all aspects of the plea bargaining agreement, and 4) that he did not receive effective assistance of counsel at trial. We reverse and remand this case to trial court with instructions to set aside the judgment and sentence previously entered, to permit defendant's withdrawal of his guilty plea, and to grant defendant a trial on the merits.

Defendant was charged with the above offenses on March 13, 1978, as a result of his allegedly kicking a police officer in the face during an altercation outside a restaurant where defendant had earlier spent time drinking on February 1, 1978. On November 13, 1978, defendant, with counsel present, waived formal arraignment and pled guilty to a charge of assault with intent to inflict serious injury under sections 708.1 and 708.2. Dismissal of numerous other charges and a plea bargain agreement were involved in defendant's decision to plead guilty. On December 4, 1978, when defendant appeared in court for sentencing, he renewed his guilty plea, was sentenced to two years, and placed in the custody of the director of the division of adult corrections. Defendant thereafter, on January 15, 1979, filed a pro se notice of appeal from his guilty plea. Counsel first appointed to represent defendant withdrew on the grounds that the appeal was frivolous. On September 4, 1979, present counsel was appointed.

On December 3, 1979, the State filed an application for remand of the case to trial court for an evidentiary hearing on the issue of the effectiveness of defendant's trial counsel. On December 21, 1979, defendant, by counsel, filed a "Joinder in Application for Remand." The supreme court ordered a remand and hearing was held February 25, 1980. The trial court ruled on March 3, 1980, that defendant did not have effective assistance of counsel on the element of intent, but did have on the issue of intoxication as a defense. Trial court further found that there was no showing of ineffectiveness of counsel on the matter of the county attorney's sentencing recommendation. On March 25, 1980, defendant, by application, requested that the supreme court remand his case to district court to set aside the judgment and sentence, to permit defendant to withdraw his guilty plea, and to grant him a trial on the merits. Defend-

ant's application was overruled on April 8, 1980.

**I. Scope of Review.** Our review is for correction of errors at law. Iowa R.App.P. 4.

**II. Validity of Guilty Plea.** Defendant contends that he did not have the necessary understanding of the element of intent when he entered his guilty plea to the current charges. He asserts, therefore, that trial court erred when it failed to inquire into his understanding of the intent element. We agree.

■ Iowa R.Crim.P. 8(2)(b) requires that:

> Before accepting a plea of guilty, a trial court must address the defendant personally in open court and inform the defendant of, and determine that he understands, the following:
>
> (1) The nature of the charge to which the plea is offered.

\* \* \* \* \* \*

"Meaningful compliance" with the rule is required. *State v. Fluhr*, 287 N.W.2d 857, 864 (Iowa 1980). Trial courts may no longer rely on counsel's assurances that a defendant understands the nature of the charges. Under rule 8(2)(b), the court must personally address the defendant to some extent to determine defendant's understanding of the charges. *State v. Worley*, 297 N.W.2d 368, 371 (Iowa 1980); *Fluhr*, 287 N.W.2d at 860.[1] Further "[w]here the State must prove an element of intent, a court must be certain that the defendant, before pleading guilty, understands that element." *Worley*, 297 N.W.2d at 371; *Fluhr*, 287 N.W.2d at 866.

■ The factual basis for the plea also must be determined before the plea is accepted. "Such a critical determination cannot be left until after the acceptance of the plea." *Fluhr*, 287 N.W.2d at 868. We,

1. While the State asserts that *Fluhr* should not be given retroactive application to cases involving guilty pleas prior to the date of the opinion, January 23, 1980, we conclude that *Fluhr* merely interprets rule 8(2)(b), which has been in effect since January 1, 1978.

therefore, examine the exchange between defendant and the court at defendant's arraignment, and not at the time of sentencing when defendant renewed his previously entered plea.

The court made the following record in taking the plea:

\* \* \* \* \* \*

THE COURT: Tell me what happened on the 1st of February, 1978.

DEFENDANT: I was in the Pizza Villa and I was in there for about–I wasn't supposed to be into the Pizza Villa. The owner said I was not supposed to be in there. I was in there for about two hours and I wasn't causing no trouble, and once the owner called the City Police on me, and once I walked out, and I was with two other friends of mind and there were three of us, and we walked out and no hassle was going on in the Pizza Villa, and once we got outside the Pizza Villa one of the guys said let's go to the other bar, and when the–one of the policemen heard this and said arrest Earnie [sic] Henning, and then the other two guys with me started hassling with the cops and there was so many people out there and it was just a big confusion, maybe about 40, 50 people out front, and apparently I was supposed to hit John Lee.

THE COURT: The information says you kicked him in the face.

DEFENDANT: I might have kicked him, I don't know. I don't remember, your Honor, I really don't. All I know is there was a hassle with three of us, and there was two cops on one of my friends and they were choking him, and I came in to try to break it up. I was handcuffed at the time, your Honor, and one cop was watching me. There were six cops and only three of us, and one cop was watching me, and I went in to help out Randy Linquist, one of the defendants that was getting choked, and there was one behind him and one in front of him choking him, and I went in to try to even the odds a little big, your Honor. And there was two cops on him and I was handcuffed, and apparently I got away from the one that was watching me and I went in to break up the fight of the two cops on John Lee. There was some people around and I can't remember what all happened. There was people all around me. People hollering and screaming and everything.

\* \* \* \* \* \*

THE COURT: Do you still wish to plead guilty?

DEFENDANT: Yes, your Honor.

THE COURT: The plea of guilty will be accepted and the court finds the defendant's acting voluntarily, that he fully understands his rights and that he is aware of the consequences of his plea and that there's a factual basis for the plea.

■ Despite the fact that we believe the record demonstrates a sufficient factual basis as to defendant's acts, we find the record is devoid of any attempt by trial court to determine whether defendant possessed the requisite intent for the offense charged. We conclude that under rule 8(2)(b), trial court did not advise defendant as to the specific intent requirement for the crime charges, nor did trial court determine that defendant understood this element. We therefore reverse and remand this case to trial court to set aside the judgment and sentence previously entered, to permit defendant to withdraw his guilty plea, and to grant defendant a trial on the merits. Because of our disposition of the intent issue, we do not address the other issues raised by defendant.

REVERSED AND REMANDED WITH INSTRUCTIONS.