**STATE of Iowa, Appellee,**

v.

**William Joseph SCHMINKEY, Appellant.**

No. 97–2333.

Supreme Court of Iowa.

July 8, 1999.

Linda Del Gallo, State Appellate Defender, and Christopher Cooklin, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Richard J. Bennett, Assistant Attorney General, Ray Lough, County Attorney, and Karen Duncan, Assistant County Attorney, for appellee.

TERNUS, Justice.

The defendant, William Schminkey, entered *Alford* pleas to the offenses of homicide by vehicle, *see* Iowa Code § 707.6A(1) (1997), and theft of a motor vehicle, *see id.* §§ 714.1, .2(2). *See generally North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 171 (1970) (holding that an accused may consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime). The court sentenced him to consecutive ten-year and five-year terms of imprisonment, respectively. Schminkey now claims that the record lacks a sufficient factual basis for a finding that he was guilty of the theft offense. He also claims his counsel rendered ineffective assistance in failing to object to the prosecutor's breach of the plea agreement with respect to the State's sentencing recommendations.

We agree that the record does not show a factual basis for Schminkey's conviction of the crime of theft of a motor vehicle. This conclusion makes it unnecessary to consider Schminkey's claim that the State breached the plea agreement. Accordingly, we vacate the sentence on the theft conviction and remand for further proceedings.

I. *Factual and Procedural Background.*

The underlying facts of the tragic episode culminating in Schminkey's convictions are undisputed. Because the ultimate focus in this case is on the record before the district court at the time of the guilty plea proceedings, we recite the facts as they appeared to the court during that phase of the case.

Schminkey spent the evening of May 17, 1997 drinking, first at a party and then at a bar. Although Schminkey has no recollection of leaving the bar or of what happened after he left, witnesses established that he departed the bar and then drove a pickup owned by Dale Kimm, a man Schminkey did not know. Schminkey did not have Kimm's permission to drive the pickup. Several witnesses observed the pickup being driven erratically and in excess of the speed limit. They saw the vehicle heading north, approaching a controlled intersection in the town of Van Horne at an excessive rate of speed. The pickup went through the intersection without slowing down and struck two vehicles, facing south, that were stopped at the intersection stop sign. The driver and only occupant of the first vehicle, nineteen-year-old Jason Kray, died en route to the hospital.

Notwithstanding the collision, the driver of the pickup appeared to be fleeing the scene, accelerating the engine and proceeding down the road for another block or so before crashing into a fence. Witnesses who assisted in extricating Schminkey from the pickup said he smelled strongly of alcohol. A later urine test showed his blood alcohol level to be .189, significantly over the legal limit of .10. *See* Iowa Code § 321J.2(1).

Schminkey was charged with homicide by vehicle in violation of Iowa Code section 707.6A(1), involuntary manslaughter in violation of Iowa Code section 707.5(1), and theft of a motor vehicle in violation of Iowa Code sections 714.1 and 714.2(2). Claiming he was unable to recall the events of the evening due to his intoxication, Schminkey entered into a plea agreement with the State, whereby, in exchange for his *Alford* plea to the theft and homicide charges, the State would dismiss the involuntary manslaughter charge and recom-

mend that Schminkey's sentences on the remaining charges run concurrently.

The State dismissed the manslaughter charge. At the plea hearing, the district court made a determination that a factual basis for the pleas appeared in the record and then accepted Schminkey's guilty pleas. Schminkey was subsequently sentenced to consecutive ten-year and five-year terms of incarceration.

Schminkey appealed, claiming his counsel rendered ineffective assistance in two ways. First, he contends his counsel should not have allowed him to plead guilty to the theft charge because there was not a factual basis for a finding that he intended to permanently deprive the owner of his vehicle. He also claims that the prosecutor breached the plea agreement because the prosecutor did not expressly state the State's recommendation for concurrent sentences at the sentencing hearing. Schminkey asserts his counsel rendered ineffective assistance in failing to object to this breach. The court of appeals affirmed, and we granted further review.

## II. General Principles Governing Ineffective–Assistance–of–Counsel Claims.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to the effective assistance of counsel. See U.S. Const. amend. VI; Taylor v. State, 352 N.W.2d 683, 685 (Iowa 1984). We review claims that this constitutional right has been violated de novo. See State v. Ray, 516 N.W.2d 863, 865 (Iowa 1994).

Claims of ineffective assistance of counsel are generally preserved for postconviction relief proceedings. See id. Where the record is adequate to address the issue, however, such claims will be considered on direct appeal. See id. As will become clear, this is such a case.

The standards required to prevail on a claim of ineffective assistance of counsel are well established. The defendant must prove by a preponderance of the evidence that his "counsel failed to perform an essential duty," and that he "was prejudiced by counsel's error." State v. Brooks, 555 N.W.2d 446, 448 (Iowa 1996).

## III. Did Trial Counsel Render Ineffective Assistance in Allowing Schminkey to Plead Guilty to the Offense of Theft of a Motor Vehicle?

The district court may not accept a guilty plea without first determining that the plea has a factual basis. See Iowa R.Crim. P. 8(2)(b); State v. Burtlow, 299 N.W.2d 665, 668 (Iowa 1980). This requirement exists even where the plea is an Alford plea. See Alford, 400 U.S. at 38 n. 10, 91 S.Ct. at 168 n. 10, 27 L.Ed.2d at 171–72 n. 10. Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. See Brooks, 555 N.W.2d at 448. Prejudice in such a case is inherent. See State v. Hack, 545 N.W.2d 262, 263 (Iowa 1996) (holding that where there is no factual basis for a guilty plea, ineffective assistance of counsel is established). Therefore, our first and only inquiry is whether the record shows a factual basis for Schminkey's guilty plea to the charge of theft of a motor vehicle. In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report. See Brooks, 555 N.W.2d at 448–49; State v. Fluhr, 287 N.W.2d 857, 867–68 (Iowa 1980), overruled in part on other grounds by State v. Kirchoff, 452 N.W.2d 801, 805 (Iowa 1990).

The offense of theft is defined in section 714.1(1), which states that a person commits theft when he "[t]akes possession or control of the property of another, or property in the possession of another, with the

*intent to deprive the other thereof."* (Emphasis added.) Schminkey challenges the factual basis for the intent element of this crime.

■ The intent required for the commission of a theft is an intent to deprive the owner of his or her property. *See Eggman v. Scurr*, 311 N.W.2d 77, 79 (Iowa 1981). Schminkey argues that this element of the crime requires proof that he intended to *permanently* deprive the owner of his vehicle. He contrasts the theft statute, section 714.1(1), with Iowa Code section 714.7, defining the crime of operating a vehicle without the owner's consent. The latter statute prohibits the "possession or control of . . . any self-propelled vehicle . . . without the consent of the owner of such, *but without the intent to permanently deprive the owner thereof."* Iowa Code § 714.7 (emphasis added). This crime, operating a vehicle without the owner's consent, is expressly made a lesser included offense of the crime of theft. *See id.*

Schminkey correctly argues that an intent to *permanently* deprive the owner of his property is an essential element of theft under section 714.1(1). The legislature's distinction of the crime of theft from the crime of operating a vehicle without the owner's consent—the existence or absence of an intent to *permanently* deprive the owner—supports this conclusion. In addition, this interpretation of section 714.1(1) is consistent with the crime of larceny as it was defined prior to the revision of Iowa's criminal laws in 1978. *See generally Eggman*, 311 N.W.2d at 80 ("Revised criminal code offenses are to be construed as altering prior law only if a legislative intent to change the prior law is clear."); *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978) (stating that the criminal law revision "is primarily a restatement of [the prior] law"). Prior to the criminal code revisions, the crime of larceny, *see* Iowa Code § 709.1 (1977), and the separate crime of larceny of a motor vehicle, *see id.* § 321.82, required proof of an intent to permanently deprive the owner of the stolen property or vehicle. *See Brainard v. State*, 222 N.W.2d 711, 721 (Iowa 1974); *State v. Boggs*, 181 Iowa 358, 360, 164 N.W. 759, 760 (1917). In one of the few cases in which this court has addressed the issue of intent since the criminal code revisions, we held that the record must demonstrate more than an intent to temporarily deprive the owner of the property in order to prove a theft. *See Fluhr*, 287 N.W.2d at 867.[1]

■ Because proof that the defendant acted with the specific purpose of depriving the owner of his property requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence. *See State v. Fratzke*, 446 N.W.2d 781, 783 (Iowa 1989). Therefore, the facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent. *See State v. Nance*, 533 N.W.2d 557, 562 (Iowa 1995). Accordingly, we examine the record for facts and circumstances that would support an inference that Schminkey intended to permanently take possession of the truck.

---

1. In *Fluhr*, this court cited the uniform instruction on the intent-to-deprive element as a source of "guidance" in defining the meaning of this element of the offense. 287 N.W.2d at 867. The uniform instruction states:

> The intent to "deprive the other" of the property means to permanently withhold, or withhold for so long, or under such circumstances, that its benefit or value is lost; or, the property is disposed of so that it is unlikely the owner will recover it.

II Iowa Criminal Jury Instructions No. 1400.2 (1988). The first part of this instruction is consistent with this court's interpretation of the intent element of the crime of theft. But the last portion of this instruction—"the property is disposed of so that it is unlikely the owner will recover it"—more accurately describes a circumstance from which an intent to permanently deprive may be inferred, rather than describing the intent itself.

The record upon which the trial court could draw to determine whether a factual basis existed for Schminkey's plea of guilty to the theft charge was minimal. Because Schminkey entered an *Alford* plea, he made no admissions with respect to his commission of this crime. The county attorney made no factual statements. The presentence report had not been completed. The court merely had before it the minutes of testimony. *See generally State v. Townsend*, 238 N.W.2d 351, 355 (Iowa 1976) (holding factual basis for an *Alford* plea may be determined from the minutes).

From the minutes of testimony, it can be established that at 7 p.m. on the day of the accident, Schminkey accompanied a friend to a party where he consumed several beers. He eventually left that party and went to a bar where he drank more alcohol. Later in the evening, at approximately 10:45 p.m., Schminkey was seen driving a pickup from Blairstown to Van Horne. Minutes later, he was involved in the accident described above, and then crashed the vehicle into a fence a block or two from the accident scene. The minutes also show that the owner of the pickup had parked the vehicle in Blairstown and had not given Schminkey permission to drive it.

We find no facts or circumstances in this recitation that would allow an inference that Schminkey intended to *permanently* deprive the owner of his vehicle. In a similar case that arose under Iowa's old larceny statute, this court reversed a conviction based on a guilty plea in part on the ground that the trial court could not have found a factual basis for the defendant's guilty plea because the record did not establish a factual basis for the intent element of the crime. *Brainard*, 222 N.W.2d at 721 (plurality opinion). In *Brainard*, the defendant admitted in the plea colloquy that he took another's automobile without permission. *Id.* at 720. He denied that he intended to sell the car, but he admitted that he did not intend to

bring it back. *Id.* This court stated that "[t]he essential question as to [the defendant's] intent is whether he intended to deprive the owner permanently of his automobile." *Id.* at 721. We concluded the record did not show a factual basis for finding that the defendant had that intent. *Id.* Without that intent, we noted, he would at most be guilty of the lesser offense of operating a motor vehicle without the owner's consent. *Id.*

Under analogous circumstances, the court of appeals has also concluded the record lacked a factual basis for a finding of intent. *State v. Henning*, 299 N.W.2d 909, 911 (Iowa App.1980). In *Henning*, the defendant pled guilty to a charge of assault with intent to inflict serious injury. *Id.* at 909. During the plea colloquy, he acknowledged being involved in a fight, but stated that he did not otherwise remember the event. *Id.* at 911. The court of appeals found the record adequate to show a factual basis for the defendant's *acts*, but not to show a factual basis for the requisite *intent. Id.*

Other states have, under similar facts, reached the same result as did our courts in *Brainard* and *Henning. E.g., Pottinger v. State*, 122 Fla. 405, 165 So. 276, 277 (1936) (holding the evidence was insufficient to support a finding that the defendant intended to permanently deprive another of his automobile, where the record showed the defendant, after an evening of drinking, took the car of another, which he then drove to other bars); *Gibson v. State*, 8 Md.App. 1, 256 A.2d 890, 892 (1969) (reversing guilty verdict on theft charge because evidence did not support finding of intent to permanently deprive owner of vehicle, where defendant took car to drive himself home after escaping from police custody); *Slay v. State*, 241 So.2d 362, 364 (Miss.1970) (holding evidence that defendant took another's car and drove it around town, eventually wrecking it while being pursued by the police, did not support a finding of intent to permanently deprive the owner of his car); *cf. Fluhr,*

287 N.W.2d at 866–67 (holding, in challenge to a guilty plea, that the record did not show a factual basis for the intent element of theft where the defendant merely admitted to taking car parts belonging to another and the parts were later found in the defendant's garage, there being no indication that the defendant intended to keep the property for any particular length of time).

We acknowledge the general statements made in some of our prior cases that possession of stolen property creates an inference supporting a conviction of larceny. *See State v. Rosewall,* 239 N.W.2d 171, 174 (Iowa 1976); *State v. Everett,* 157 N.W.2d 144, 146 (Iowa 1968), *overruled on other grounds by State v. Hawkins,* 203 N.W.2d 555, 556 (Iowa 1973); *State v. Brightman,* 252 Iowa 1278, 1284, 110 N.W.2d 315, 318 (1961); *State v. Girdler,* 251 Iowa 868, 873, 102 N.W.2d 877, 879 (1960). In none of these cases, however, was the defendant's intent at issue. In *Brightman,* a suit stolen from a dry cleaning business was discovered in the defendant's home six months after it had been taken. 252 Iowa at 1280–81, 110 N.W.2d at 316. The defendant claimed that he had purchased the suit from an over-the-road trucker. *Id.* at 1285, 110 N.W.2d at 319. The element of larceny at issue in this case was whether the defendant took the suit from the cleaners; there was no discussion of his intent. The same analysis is applicable to the *Rosewall* and *Girdler* cases; the defendant's intent was not an issue in these cases either. *See Rosewall,* 239 N.W.2d at 174 ("Defendants here challenge only the 'taking' element of the larceny charge."); *Girdler,* 251 Iowa at 872–73, 102 N.W.2d at 879 (discussing sufficiency of the evidence to prove the defendant, an escapee from prison, knew that another escapee had stolen the vehicle in which the defendant was apprehended; the defendant's intent was not mentioned as being in dispute). Finally, we also think the *Everett* case is not helpful. In that case, the defendant was accused of taking a vehicle from a used car lot. *Everett,* 157 N.W.2d at 145. The

defendant claimed he had borrowed the vehicle from a bartender with whom he was acquainted. *Id.* at 146. Although the court discusses the sufficiency of the evidence with respect to the defendant's "intent to steal" the vehicle, *id.,* it is apparent from the discussion of the evidence that the real dispute was whether he took the vehicle from the used car lot or legitimately borrowed it from a friend. Thus, the court did not really focus on the precise issue that confronts us in the present case, namely, where there is an admitted taking, is that sufficient, standing alone, to support an inference of an intent to permanently deprive the owner of his vehicle.

Because the *Brainard* and *Henning* cases are more on point factually and because the courts in those cases focused on the evidence necessary to support a finding of intent, we conclude the principles applied in *Brainard* and *Henning* should govern our analysis here. Accordingly, the mere fact that Schminkey took the pickup without the owner's consent does not give rise to an inference that he intended to permanently deprive the owner of the vehicle.

In our search for other facts or circumstances that might reveal Schminkey's intent in taking the pickup, we find none indicating that he intended to do anything more than temporarily use the vehicle to go home or to another bar. Because Schminkey wrecked the pickup before he could dispose of it, we do not have the typical inferences that can be drawn from a defendant's actions subsequent to the taking. *Compare Slay,* 241 So.2d at 364 (holding the evidence was insufficient to prove that the defendant had an intent to permanently deprive the owner of his car, stating "the extent of damage to the car was of no probative value on the issue of specific intent, since its wrecking was not purposeful"), *with People v. Graham,* 27 Ill.App.3d 408, 327 N.E.2d 261, 264 (1975) (finding evidence of intent to permanently deprive owner of vehicle sufficient where

defendant had changed the license plates on the car); *State v. Keeler,* 238 Kan. 356, 710 P.2d 1279, 1283 (1985) (holding evidence sufficient to prove intent to permanently deprive owner of car where defendant used the vehicle for several days and then abandoned it); *State v. Winkelmann,* 761 S.W.2d 702, 708 (Mo.Ct.App.1988) (finding sufficient evidence of an intent to permanently deprive owner of her car where the defendant intentionally drove the car into a brick wall, inflicting severe damage to the vehicle). Furthermore, the record contains no admissions by the defendant or statements from other witnesses that would indicate Schminkey's purpose in taking the vehicle. Under these circumstances, we conclude the record does not show a factual basis for Schminkey's guilty plea to the charge of theft of a motor vehicle.

### IV. *Disposition.*

Where a guilty plea has no factual basis in the record, two possible remedies exist. Where the record establishes that the defendant was charged with the wrong crime, we have vacated the judgment of conviction and sentence and remanded for dismissal of the charge. *See, e.g., Hack,* 545 N.W.2d at 263; *State v. Schoelerman,* 315 N.W.2d 67, 75 (Iowa 1982). Where, however, it is possible that a factual basis could be shown, it is more appropriate merely to vacate the sentence and remand for further proceedings to give the State an opportunity to establish a factual basis. *See Burtlow,* 299 N.W.2d at 670; *Ryan v. Iowa State Penitentiary,* 218 N.W.2d 616, 620 (Iowa 1974).

We think this case falls within the latter category. There may be additional facts and circumstances that do not appear in the minutes of testimony that would support an inference that the defendant intended to permanently deprive the pickup's owner of his vehicle. Therefore, we vacate the sentence entered on the theft charge and remand for further proceedings at which time the State may supple-

ment the record to establish a factual basis for the crime of theft of a motor vehicle. If a factual basis is not shown, the defendant's plea must be set aside.

Our vacation of the sentence entered on the theft conviction makes it unnecessary to address the defendant's claim that the county attorney breached the plea agreement by failing to recommend concurrent sentences. If a factual basis for the theft charge is established on remand, we trust that the county attorney will comply with the plea agreement by expressly recommending concurrent sentences at any future sentencing hearing.

**DECISION OF COURT OF APPEALS VACATED; SENTENCE ON THEFT CHARGE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

All justices concur except CARTER, J., and McGIVERIN, C.J., and HARRIS and LARSON, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent.

The record made before the district court during the guilty-plea proceeding adequately demonstrated a factual basis for the charge of theft of a motor vehicle. The minutes of testimony indicated that (1) the owner of a 1978 brown and tan Chevrolet pickup truck would testify that the vehicle was taken without permission on the evening of May 17, 1997; and (2) a Benton County deputy sheriff would testify that he was close enough to a fatal collision involving the stolen pickup to hear the sound of the impact and moments later arrived at the crash scene to find defendant sitting crossways, by himself, in the front seat of the missing pickup. Minutes of testimony are appropriate sources for establishing a factual basis under the decisions of this court. *See State v. Fluhr,* 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other issues by State v. Kirchoff,* 452 N.W.2d 801, 804–05 (Iowa 1990); *State v. Marsan,* 221 N.W.2d 278, 280 (Iowa 1974).

When a defendant pleads guilty, strong evidence of actual guilt is not required even if the defendant protests his innocence. *United States v. Tunning,* 69 F.3d 107, 111–12 (6th Cir.1995). Several courts that have considered the standard that should be applied in determining the factual basis for a guilty plea have agreed that the standard should be enough evidence to withstand a directed verdict at trial. *United States v. Webb,* 433 F.2d 400, 403 (1st Cir.1970); *In re Guilty Plea Cases,* 395 Mich. 96, 235 N.W.2d 132, 145 (1975); *State v. Genereux,* 272 N.W.2d 33, 34 (Minn.1978).

I submit that indicia of a prima facie case is the only practical standard to be employed because to require a greater showing will inappropriately · involve the court in factual determinations based on the type of abbreviated factual record that can be made available at a guilty-plea proceeding. This is particularly true in this case because the element under consideration is the defendant's intent, which is seldom capable of direct proof. *State v. Chang,* 587 N.W.2d 459, 462 (Iowa 1998). To require a greater showing will also require the court to substitute its judgment for that of defendant and defendant's counsel concerning whether defendant would in fact be convicted if a trial were held.

If the indicia of a prima facie case is utilized as the standard for establishing a factual basis, the minutes of testimony in the present case were sufficient indicia that the State had a prima facie case. As a general proposition in prosecutions charging theft, possession of property recently taken without permission establishes a prima facie case that a theft has been perpetrated by the possessor of the missing property. *See State v. Brightman,* 252 Iowa 1278, 1284, 110 N.W.2d 315, 316–18 (1961). This court has consistently applied this rule in cases involving prosecutions for theft of a motor vehicle. *State v. Rosewall,* 239 N.W.2d 171, 173–74 (Iowa 1976); *State v. Everett,* 157 N.W.2d 144,

146 (Iowa 1968), *overruled on other issues by State v. Hawkins,* 203 N.W.2d 555, 556–57 (Iowa 1973); *State v. Girdler,* 251 Iowa 868, 873, 102 N.W.2d 877, 879 (1960).·

A helpful illustration of the application of this principle in a vehicle theft situation similar to the present case is found in *Everett.* There, the evidence showed that a motor vehicle had been left on the lot of a used car dealer at the close of business on October 18, 1965. On that evening, that vehicle was observed being driven on the streets of Cedar Rapids and later parked behind a tavern in Cedar Rapids. Still later in the evening, defendant was apprehended while driving the vehicle. Defendant was convicted at trial of larceny of a motor vehicle. On appeal the presumption of guilt to which I have referred was utilized as the basis for upholding the conviction notwithstanding defendant's testimony that he had only borrowed the car.

The majority attempts to distinguish these cases on the basis that the intent to keep the property was not made an issue on those appeals. This overlooks the fact that the inference of guilt applied therein encompassed *all* elements of the offense of larceny of a motor vehicle. This was expressly .recognized in *Rosewall* in which this court states:

> Under our holding in *Everett* the admitted possession by defendants of the recently stolen motorcycle creates an inference barring a motion for directed verdict. The inference is not limited to any particular element of larceny. When it arises guilt of the crime of larceny is inferred.

*Rosewall,* 239 N.W.2d at 174. The elements of the former statutory crime of larceny of a motor vehicle are sufficiently similar to the present statutory crime of theft that the principle established in the cases under discussion should be applied in the same manner.

In concluding that the showing of a factual basis in the present case was inadequate, the majority opinion misapplies our

holding in *Brainard v. State*, 222 N.W.2d 711 (Iowa 1974). In *Brainard* the court set forth detailed standards for establishing a knowing and voluntary plea of guilty through direct colloquy between the court and the defendant. Although *Brainard* was a prosecution for larceny of a motor vehicle and there are statements in the opinion that the factual basis presented was inadequate, the court's finding of inadequacy is with regard to the limited extent of the colloquy with the defendant to establish the intent with which he had acted. The case cannot be a holding that the factual basis presented was inadequate *in toto* because the specially concurring opinion necessary for the five-person majority expressly declined to find an inadequate factual basis and expressed the view that an adequate factual basis had been shown. The discussion of factual basis in *Fluhr*, 287 N.W.2d at 867, should also be viewed as a discussion of what was deemed an inadequate colloquy with the defendant in attempting to gain his admission concerning the intent element of the crime. This is borne out by the fact that the court ordered that defendant be permitted to plead anew (a remedy for an uninformed guilty plea) as contrasted to remanding the case to permit the State to further show a factual basis.

The court's primary concern regarding factual basis in *Fluhr* was stated as follows:

> Nor do the facts that the [written] plea form indicated that defendant had discussed the elements and facts of the crime with his attorney and that the attorney certified, on a separate form, that he was satisfied that the plea was factually justified overcome any of the plea's deficiencies.... [R]eliance by a trial court upon an attorney's declaration which fails to detail the facts upon which he bases his conclusion constitutes an impermissible delegation by the court of its duty to determine the existence of a factual basis.

*Fluhr*, 287 N.W.2d at 867. The *Fluhr* opinion does state that the minutes of testimony in that case were inadequate to show that defendant intended to keep the property that was the subject of the theft charge to which he had pleaded guilty. I submit that the court was only declaring that the minutes of testimony would not be considered a substitute for personal inquiry of the defendant concerning criminal intent when the defendant before the court had recollection of the circumstances of the crime and had not declared an intent to enter an *Alford* plea. The court makes no reference to departing from the general rule that indicia of a prima facie case satisfies the factual-basis element. If the court did find the minutes of testimony were inadequate to show factual basis on a record that contained indicia of a prima facie case, I submit that this was an incorrect statement of the law. It was also a comment that was not necessary to the opinion because of the court's election to permit the defendant to plead anew as the result of not having been fully informed of the elements of the crime.

The present case differs substantially from *Brainard* and *Fluhr* because the colloquy between the court and the defendant concerning the intent element of the crime is not an issue here. The defendant disavowed any memory of the circumstances surrounding the alleged crime. In such circumstances, factual basis should be deemed to have been adequately shown through minutes of testimony that give indicia of a prima facie case.

The holding of the majority in the present case, which purports to be based on the best interests of the defendant, will instead deny this defendant and other defendants similarly situated an opportunity to make a plea bargain notwithstanding the fact that the State has made a prima facie showing of guilt on one of the charges to which the defendant has agreed to plead guilty. I would hold that the showing of factual basis in the present case was ade-

quate and proceed to consider the other issues raised on appeal.

McGIVERIN, C.J., and HARRIS, and LARSON, JJ. join this dissent.