# IN THE COURT OF APPEALS OF IOWA

No. 16-1291
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN LEE GUNTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

        Justin Gunter appeals after entering pleas of guilty to second-degree burglary and domestic-abuse assault, second offense.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Pursuant to a plea agreement,[1] Justin Gunter entered an *Alford* plea[2] to the charges of burglary in the second degree and domestic-abuse assault causing bodily injury, second offense. On appeal, Gunter contends he was deprived of the effective assistance of counsel because there is no basis upon which a factfinder could find he had the specific intent to commit an assault and, consequently, no factual basis supports his plea to second-degree burglary.

We review constitutional claims, such as ineffective assistance of counsel, de novo. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). To prove ineffective assistance of counsel, a defendant must prove (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* "Where a factual basis

---

[1] Defense counsel explained the plea agreement to the court:

> Count I, burglary in the first degree, would be he would plead to the lesser included burglary in the second degree, receive a ten-year sentence and a thousand dollars fine. Both the time and the fine are suspended. There would be a period of supervised probation with placement in the residential facility from custody. I believe there's a 125 LEI [a $100 law enforcement surcharge] and any restitution.
> On Count II, an aggravated domestic assault, a two-year suspended, the $625.00 fine suspended, all but seven days—all but seven days suspended but credit for seven served. There's a $100.00 domestic abuse fine or fee, Iowa Domestic Abuse Program, restitution, and Count III [child endangerment] would be dismissed at defendant's costs, and all counts are running concurrent.
> COURT: And the other case that you're referring to, is that going to be concurrent or consecutive to these?
> [DEFENSE COUNSEL]: The other case, the agreement—and that other case number is FECR212005. The sentence in that case under this offer would be run consecutive, but, again, that one is still pending trial.

The prosecutor and Gunter agreed this was an accurate statement of the plea agreement.
Defense counsel also noted there was a no-contact order in effect, a charge of the violation of which would be dismissed at Gunter's costs.

[2] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that an accused may consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime).

for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Id.*; *see also State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (finding insufficient basis to show the three shots fired constituted separate and distinct acts supporting three counts of intimidation with a dangerous weapon with intent and remanding to "give the State the opportunity to establish a factual basis").

We consider the entire record before the district court in analyzing whether there is a factual basis for the plea. *See Gines*, 844 N.W.2d at 441.

> The factual basis must be contained in the record, and the record, as a whole, must disclose facts to satisfy all elements of the offense. A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence. Moreover, we have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense. . . . [W]e need only "be satisfied that the facts support the crime."

*State v. Ortiz*, 789 N.W.2d 761, 767-68 (Iowa 2010) (citations omitted).

The district court informed Gunter that to convict him on the burglary charge, the State would have to prove that "on or about March 27th, 2016, here in Black Hawk County, with the intent to commit an assault and having no right to do so, you entered into an occupied structure."

Intent "is seldom capable of being established by direct evidence." *Schminkey*, 597 N.W.2d at 789. But there is sufficient circumstantial evidence that Gunter entered the complaining witness's residence with the intent to commit an assault. At the time of the offense there was an active protective order prohibiting Gunter from contacting the complaining witness, who is the mother of

his child.  On March 27, 2016, the complaining witness believed Gunter was in jail for an earlier assault upon her.  She answered a knock on her door to find Gunter at the door.  She turned and ran to her bedroom and tried to close the door.  Gunter followed her into her bedroom, pushing the door open.  Gunter struggled with her and pushed the complaining witness onto the bed; she suffered scrapes and bruises from the encounter.  Gunter grabbed their two-year-old child and ran from the residence.

Gunter contends that since the assault did not occur until after the argument there was no basis to conclude he had the intent to assault the complaining witness upon entry of the apartment.  However, there is no evidence that the complaining witness consented to Gunter's entry, and she ran to a bedroom with Gunter apparently in hot pursuit as she was unable to close the bedroom door before Gunter pushed it open.  The record provides sufficient circumstantial proof that Gunter entered the premises with an intent to commit an assault.  Because a factual basis exists to support the guilty plea, Gunter has not proved his ineffectiveness claim.  We affirm.

**AFFIRMED.**