# IN THE COURT OF APPEALS OF IOWA

No. 17-1716
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN MCCONNELEE**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Delaware County, Stephanie C.

Rattenborg, District Associate Judge.

        Brian McConnelee appeals from judgment and sentence entered upon his

guilty plea.  **AFFIRMED.**

        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

        Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Brian McConnelee appeals from judgment and sentence entered upon his guilty plea, contending his attorney was ineffective in allowing him to plead guilty without a factual basis. We affirm.

McConnelee entered into an agreement whereby he would plead guilty to the charge of possession of a controlled substance (methamphetamine), second offense, in violation of Iowa Code section 124.401(5) (2016), and the State would drop charges of third-offense possession of a controlled substance and operating while license revoked. The district court accepted McConnelee's plea and entered an order imposing a sentence of two years in prison; a fine of $625, which was suspended; a $125 law enforcement surcharge; a $10 DARE fee; and a 180 day driver's license suspension. McConnelee appeals.

"Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). "[W]e have held the record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *Id.*

McConnellee argues there is nothing in the record to support a finding he "knowingly or intentionally possessed a controlled substance." Intent is rarely subject to direct proof. *See Schminkey*, 597 N.W.2d at 789. "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be

drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *Id.*

Here, the minutes of evidence show McConnelee had "a large object in [his] front right pocket," which turned out to be "two items of drug paraphernalia": "one item was a pink broken meth pipe and the other was a light bulb meth pipe with residue." Officer Trumblee recognized the items as paraphernalia used to consume methamphetamine. Officer Trumblee "also located a scale, several baggies, and a silver triangle in the pocket of [McConnelee's] hooded sweatshirt," and "the triangle also had residue on it." Field-testing of the paraphernalia indicated the pink pipe tested positive for methamphetamine. This circumstantial evidence supports a very reasonable inference that McConnelee knowingly and intentionally possessed methamphetamine.

McConnelee has failed to prove counsel breached a duty in allowing him to plead guilty. We therefore affirm.

**AFFIRMED.**