# IN THE COURT OF APPEALS OF IOWA

No. 13-1821
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHARY LEE SWENKA,**
        Plaintiff-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, Judge.


        Zachary Swenka appeals his conviction and sentence following his guilty plea. **AFFIRMED.**


        Leon F. Spies of Mellon & Spies, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Janet M. Lyness, County Attorney, and Jude Pannell, Assistant County Attorney, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Zachary Swenka killed one of his high school classmates in a traffic accident. The minutes of testimony show Swenka was driving five classmates back to school after cross country practice. At least some of the passengers were reluctant to drive back to school with Swenka because they perceived him to be a crazy driver. As feared, Swenka drove extremely fast and recklessly. The passengers became scared and asked him to slow down, but he laughed and continued on. Moments later he lost control of and crashed his car, killing one of the passengers. Swenka was driving between 99 and 103 miles per hour at the time he lost control of the vehicle. Swenka pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), to involuntary manslaughter, in violation of Iowa Code section 707.5(2) (2011). At the time of sentencing, the prosecutor recommended incarceration, and Swenka requested a deferred judgment. The district court sentenced Swenka to an indeterminate term of incarceration not to exceed two years. Swenka appeals his sentence and conviction.

We first address Swenka's challenge to his sentence. The district court's sentence is cloaked with a strong presumption in its favor, and we will not reverse its sentence absent an abuse of discretion. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We afford the strong presumption of regularity to the sentencing court due to our great confidence in judges to exercise their discretion appropriately. *See State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). To establish an abuse of discretion, the defendant must show the court exercised

its discretion "on grounds or for reasons that were clearly untenable or unreasonable." *Formaro*, 638 N.W.2d at 724.

Swenka contends the district court improperly considered unproved conduct in imposing sentence. Specifically, he contends the district court considered Swenka's prior dangerous driving activities referenced by the victim's parents while making their victim impact statements. Where the defendant alleges the sentencing court took into consideration an impermissible sentencing factor, such as unproved conduct or unprosecuted offenses, the presumption of regularity afforded the sentencing court can be overcome only where there is "clear evidence" the sentencing court actually relied on the impermissible factor in exercising its broad sentencing discretion. *See Sailer*, 587 N.W.2d at 764. *See id.* We will neither assume nor infer a judge failed to do so without clear evidence in the record to the contrary. *See id.*; *see also Formaro*, 638 N.W.2d at 725.

Although the district court sympathetically acknowledged the parents of the victim and thanked them for their statements, there is no evidence the district court relied on their references to unproved conduct in imposing sentence. The court explained its sentencing rationale as follows:

> I have considered your age. I have considered the matters that [your attorney] has disclosed about you. I considered your family. I considered the nature of this offense, the incredibly dangerous driving behavior, and aggravating circumstances for the passengers and their concerns, and the resulting death of [the victim].
> For all of those reasons, the Court finds that the defendant in this case should [serve] . . . an indeterminate term not to exceed two years.

Nowhere in the reasons for imposing sentence is there a reference to "additional, unproven, and unprosecuted charges." *See id.*; *see also State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982) (stating "[w]e will set aside a sentence and remand a case . . . if the sentencing court *relied* upon charges of an unprosecuted offense" (emphasis added)). There is not clear evidence the district court actually relied on unproved conduct in imposing sentence. Swenka's challenge to his sentence thus fails.

We next address Swenka's challenge to his plea. He contends his *Alford* plea was involuntary and lacked a factual basis. The State claims Swenka failed to preserve error on these issues because Swenka failed to file a motion in arrest of judgment as required by Iowa Rule of Criminal Procedure 2.24(3)(a). "Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal." *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004); s*ee* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). This requirement does not apply where a defendant was not advised of the duty to challenge any plea defects by a motion in arrest of judgment within the relevant time period. *See Meron*, 675 N.W.2d at 540. Even if error had been preserved, the claim fails.

In the context of an *Alford* plea, the standard for voluntariness is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alford*, 400 U.S. at 31. Swenka's

signed guilty plea contained multiple acknowledgements the plea was entered with the advice of counsel and was made voluntarily, intelligently, and of Swenka's own free will. The voluntary and intelligent nature of the plea was confirmed during the plea colloquy. Swenka's statements to the court demonstrated he understood his rights and understood the benefits of the plea, chiefly that the State agreed to dismiss the charge of homicide by vehicle while drag racing, a class "D" felony. There is nothing in the record supporting Swenka's claim his plea was involuntary or unknowing.

We also conclude Swenka's plea had a factual basis. As a general rule, "[t]he district court may not accept a guilty plea without first determining that the plea has a factual basis." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "This requirement exists even where the plea is an *Alford* plea." *Id*. "In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id*. The elements of the offense were stipulated to in the parties' written plea agreement. Further, as set forth in the statement of facts above, drawn from the minutes of testimony, there was a factual basis supporting Swenka's guilty plea.

For the foregoing reasons, we affirm the district court's judgment and sentence.

**AFFIRMED.**