# IN THE COURT OF APPEALS OF IOWA

No. 17-2104
Filed September 12, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BENJAMIN T. GORDON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, John D. Lloyd, Judge.

Benjamin Gordon appeals his convictions, following guilty pleas, of second-degree theft and third-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Benjamin Gordon appeals his convictions, following guilty pleas, of second-degree theft and third-degree burglary. He asserts his trial counsel was ineffective in allowing him to plead guilty when there was an insufficient factual basis to establish his intent to permanently deprive the owner of their property.

On November 20, 2017, Benjamin Gordon was charged with theft in the second degree as a habitual offender and burglary in the third degree.[1] At a gas station in Newton, Gordon entered an unattended vehicle that had the ignition key in it and drove away. The owner attempted to run down the vehicle but was unsuccessful and so reported the vehicle stolen. Gordon drove the vehicle at high rates of speed without headlights from Newton to Des Moines. While on the interstate on his way back to Newton, Gordon lost control, crashed the vehicle, and caused extensive damage. After police arrested Gordon and read him his rights, he made several statements—he was joyriding, he took the vehicle because he was cold, he planned to sell it for meth or keep it, and he took money out of a wallet left in the vehicle. Gordon gave the money back to the vehicle owner.

On December 4, Gordon pled guilty to the charges without the habitual-offender enhancement. During the plea colloquy, Gordon and the court engaged in the following discussion:

> THE COURT: Tell me what you did on November 12 of this year that makes you guilty of this offense.
> THE DEFENDANT: What did I do?
> THE COURT: Yes, sir.
> THE DEFENDANT: Well, I stole a car from the Hy-Vee convenience store and gas station. At first I was going to do it because it was cold outside and all I had on was a hoodie. I didn't

---

[1] *See* Iowa Code §§ 713.1, .6A(2), 714.1(1), .2(2), 902.8 (2017).

have a jacket or anything. And then after I got in the car, I started having thoughts to, you know, drive it around for a while and get rid of it.

He's saying that I need to admit to I took it or I was thinking. I told the state trooper that I was thinking about selling it for meth or possibly keep it for myself. Yeah, I did not actually, you know, follow through with my thoughts.

THE COURT: What I'm concerned about is what was in your head, what your thinking was. Your thinking was that you were giving some thought to just taking the car and keeping it or selling it?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And that happened, those events happened, here in Jasper County?

THE DEFENDANT: The theft of the vehicle in Jasper County, but the accident happened in Polk County.

. . . .

THE COURT: With regard to count II, burglary in the third degree, as an aggravated misdemeanor, the State would have to prove beyond a reasonable doubt that on or about November 12 of this year here in Jasper County, Iowa, you entered an unoccupied motor vehicle and at the time that you entered that vehicle you had the intent or the thought to commit a theft by taking property from within the vehicle.

THE DEFENDANT: No, Your Honor. There was money that I did take that was in the car, but I gave the money back. But originally my intent was only steal the car . . . .

. . . .

THE COURT: And you agree when you entered the car, you intended to take the car?

THE DEFENDANT: Yes.

The court found a factual basis existed for each charge and accepted Gordon's guilty pleas. Gordon elected to be sentenced immediately, waiving his rights to delay sentencing, file a motion in arrest of judgment, and the use of a presentence investigation report in sentencing. The court sentenced Gordon to indeterminate terms of incarceration in the amounts of five years for the theft charge and two years for the burglary charge, to be served concurrently, as was recommended in the plea agreement.

On appeal, Gordon alleges his trial counsel was ineffective by allowing him to enter guilty pleas despite a lack of a factual basis for both charges.[2]  He concedes he entered the vehicle and drove away but challenges the factual basis for the intent required to commit a theft.  Claims of ineffective assistance of counsel are reviewed de novo.  *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).[3]  To succeed on an ineffective-assistance-of-counsel claim, a defendant must show: "(1) counsel failed to perform an essential duty; and (2) prejudice resulted."  *Everett v. State*, 789 N.W.2d 151, 158 (Iowa 2010).  "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty."  *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

To determine if the elements of the offense are satisfied, we consider the entire record as a whole.  *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010).  "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence."  *Id.* at 768.  "[T]he record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense."  *Id.*

---

[2] Other than the statement, "There was an inadequate factual basis that the defendant committed either offense," Gordon does not provide any argument nor cite authority relating to the burglary charge.  We therefore deem the argument waived pursuant to Iowa Rule of Appellate Procedure 6.903(2)(g)(3).

[3] Defendants are precluded from challenging guilty pleas on appeal unless they file a motion in arrest of judgment challenging the adequacy of the plea.  Iowa R. Crim. P. 2.24(3)(a).  A recognized exception is "when a defendant alleges trial counsel was ineffective for permitting him to plead guilty to a charge for which there is no factual basis and for failing to thereafter file a motion in arrest of judgment."  *Finney*, 834 N.W.2d at 49.

Section 714.1(1) defines theft as taking "possession or control of the property of another . . . with the intent to deprive the other thereof." The intent element requires "an intent to *permanently* deprive the owner of his property." *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *Id.*

In our review of the entire record, we have "little difficulty in concluding there was an adequate factual basis to support [Gordon's] guilty plea" to theft. *Finney*, 834 N.W.2d at 62. During the plea hearing, he stated he "stole a car" and agreed that when he entered the vehicle, he intended to take it. Additionally, the minutes of evidence provide evidence that Gordon planned to attempt to sell the vehicle for meth or was thinking about keeping it for himself. Further, he took the vehicle from the gas station with the owner in pursuit, drove the vehicle away from Newton at a high rate of speed without his lights on, and made statements to police that he did not think police would be able to keep up with the vehicle. We find there was an adequate basis for the requisite intent in the record. As such, Gordon's counsel did not breach an essential duty when he permitted him to plead guilty and thereafter did not file a motion in arrest of judgment to challenge the adequacy of the plea. We affirm.

**AFFIRMED.**