# IN THE COURT OF APPEALS OF IOWA

No. 16-0281
Filed October 12, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DANIEL JOSEPH KANE,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Daniel Joseph Kane appeals his conviction and sentence following a guilty plea for forgery and possession of a controlled substance. **AFFIRMED.**

Jane M. White of Jane M. White Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Daniel Joseph Kane appeals his conviction and sentence following a guilty plea for forgery and possession of a controlled substance, alleging his counsel was ineffective in allowing him to plead guilty to crimes for which there was an inadequate factual basis. We affirm.

In February 2016, a plea and sentencing hearing was held where Kane pled guilty to the above offenses. Kane was sentenced to five years in prison on each count, to run consecutively to each other and concurrent to charges in three other cases pursuant to the parties' plea agreement. Kane appeals.

Because Kane challenges his guilty plea based on the ineffective assistance of his counsel, our review is de novo. *See State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). In order to prove an ineffective-assistance-of-counsel claim, Kane must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

"A factual basis is required for a guilty plea." *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). "In evaluating whether a factual basis exists to support a guilty plea, we may examine 'the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report.'" *Id.* (citation omitted). "[T]he 'record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate the facts that support the offense.'" *Id.* (citation omitted); *see also Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) (noting the record need only "demonstrate[] the facts to support the elements of the offense"). In the present

matter, Kane waived the presentence investigation, so we review the other portions of the record for a factual basis. *See Velez*, 829 N.W.2d at 576.

We address first the charge and plea to forgery. The minutes of testimony state, in relevant part, an individual's car had been burglarized and a checkbook had been taken. Three checks were then written on the account without that individual's consent, one of which Kane presented at a store in February 2015 with the individual's signature. Video surveillance from the store shows Kane writing and presenting the check. At the plea hearing, Kane admitted he received the check from a third party, "presented [the same] check that wasn't mine, that somebody else had signed, and presented it for money." When asked if he "kn[e]w that it was fraudulent," Kane responded, "Well, I was told that it wasn't, but I kind of thought that it was somebody's, but I didn't know for sure." Kane then confirmed he did not know the individual whose signature was on the check, he did not know either of the owners of the account upon which the check was written, and neither of those owners provided him the check.

On appeal, Kane alleges there was an insufficient factual basis to support the element of intent for the forgery charge because of his statement he "kind of thought that [the check] was somebody's, but I didn't know for sure." *See* Iowa Code § 715A.2 (2015) (providing the elements for forgery include "intent to defraud or injure anyone, or with knowledge that the person is facilitating a fraud or injury to be perpetrated by anyone"). However, the minutes of testimony support that the check at issue was stolen and neither of the owners on the account authorized the use of the checks. Kane admitted the check did not belong to him, he did not know the owners of the account, neither provided him

the check, and he "kind of thought that it was somebody's."[1] Based on these circumstances, we conclude there was a sufficient factual basis for Kane's plea. *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) ("[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from these facts and circumstances, may be relied upon to ascertain the defendant's intent."); *see also State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (affirming the district court's finding of a factual basis and noting "the minutes of testimony provide sufficient evidence from which a jury could infer that [the defendant] had the requisite intent"). Accordingly, his counsel was not ineffective. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

With regard to the charge of possession of a controlled substance, at the hearing, Kane admitted he "had in [his] pocket a couple of Vicodin pills." He further stated he had "Vicodin, hydrocodone" pills "in [his] possession when [he] was arrested" for unrelated charges. On appeal, Kane argues there is nothing in the record to confirm what the pills were, such as a chemical analysis. Kane also argues there is nothing in the record to confirm whether there is any difference between Vicodin or hydrocodone, the substances Kane admitted to possessing, and acetaminophen and hydrocodone bitartrate, the substances Kane was charged with possessing.

---

[1] Kane also affirmatively stated, "Yes, sir," when asked by the Court, "Did you at the time and place charged in that Trial Information commit those offenses?" The Court then later asked him, "Mr. Kane, do you want me to accept your guilty plea because you are in fact guilty of the crimes of possession of a controlled substance and forgery?" Kane responded, "Yes, sir."

As to Kane's first argument, there is evidence in the record to show what the pills were—namely, the admission of Kane, which was supported by the minutes of testimony, where the pills were identified by the arresting officers who found them on Kane's person. Second, Kane's argument that a discrepancy exists between the trial information and Kane's admission is unpersuasive. Kane was charged with possession of acetaminophen and hydrocodone bitartrate; Kane admitted to possession of hydrocodone, and Vicodin is a brand name for hydrocodone. *See United States v. Smith*, 573 F.3d 639, 645 (8th Cir. 2009) (identifying "hydrocodone" as "a powerful painkiller sold under brand names such as Vicodin and Norco"); *United States v. Katz*, 445 F.3d 1023, 1026 (8th Cir. 2006) (identifying hydrocodone as generic Vicodin); *Krusemark v. Astrue*, 725 F. Supp. 2d 829, 833 n.1 (S.D. Iowa 2010) ("Vicodin is hydrocodone bitartrate and acetaminophen."); *Huisman v. Astrue*, 707 F. Supp. 2d 842, 846 (N.D. Iowa 2010) (defining Vicodin as "acetaminophen and hydrocodone").

Accordingly, we affirm Kane's conviction and sentence.

**AFFIRMED.**