# IN THE COURT OF APPEALS OF IOWA

No. 18-0329
Filed January 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DOUGLAS KENT SMITH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Chad A. Kepros, Judge.

The defendant asserts his trial counsel provided ineffective assistance by allowing the defendant to plead guilty to operating while intoxicated, third or subsequent offense, without a factual basis to support the plea. **AFFIRMED.**

Eric D. Tindal of Keegan Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Douglas Smith asserts his trial counsel provided ineffective assistance by allowing Smith to plead guilty to operating while intoxicated, third or subsequent offense, without a factual basis to support the plea.

We review claims of ineffective assistance de novo. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In order to succeed on a claim of ineffective assistance, "[t]he defendant move prove by a preponderance of the evidence that his 'counsel failed to perform an essential duty,' and that he 'was prejudiced by counsel's error.'" *Id.* (citation omitted). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *Id.* "Prejudice in such a case is inherent." *Id.* In determining whether a factual basis for the plea exists, "we consider the entire record before the district court at the guilty plea, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *Id.* We will affirm even if the record does not contain "evidence that the crime was committed beyond a reasonable doubt." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "[T]he record does not need to show that totality of the evidence necessary to support a guilty conviction, . . . it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

Smith argues his admission to the court during the plea colloquy that he was "under the influence of a controlled substance" at the time he was pulled over is not enough to satisfy the impairment element. *See* Iowa Code § 321J.2(1)(a) (2017) (providing that a person commits the offense of operating while intoxicated

if they operate a motor vehicle "[w]hile under the influence of an alcoholic beverage or other drug or combination of such substances"). "A person is 'under the influence' when one or more of the following is true: (1) the person's reason or mental ability has been affected; (2) the person's judgment is impaired; (3) the person's emotions are visibly excited; and (4) the person has, to any extent, lost control of bodily actions or motions." *In re S.C.S.*, 454 N.W.2d 810, 814 (Iowa 1990).

Smith cites no authority for the proposition that his admission to the court that he was stopped while "under the influence" does not provide a factual basis for his guilty plea to operating a vehicle while under the influence. Even if we assume Smith's proposition has legal support, his argument fails because the minutes of testimony—which Smith agreed were substantially correct—provide a factual basis for the plea.

The minutes provide that Office Cody O'Hare initiated a stop of Smith's vehicle. Smith continued to drive for some time before exiting the highway to a local road and then ultimately stopping. After making contact with Smith, Officer O'Hare believed him to be under the influence because Smith appeared agitated, a search of his vehicle uncovered a suspected methamphetamine pipe and a syringe with a white substance in it, other officers who arrived on the scene recognized Smith as a known methamphetamine user, and Smith admitted he had used methamphetamine several days earlier. Field sobriety tests administered at the scene indicated Smith was impaired; he exhibited six out of six clues for impairment in the horizontal gaze nystagmus test, six out of eight clues in the walk-and-turn test, and three out of four clues with the one-leg stand test. Smith's

preliminary test for blood alcohol content established there was no alcohol in his blood—indicating his impairment was caused by something other than alcohol. Additionally, Deputy Ben Lord, a certified drug recognition expert, concluded Smith was under the influence of a stimulant "based on [Smith's] reckless driving, poor field sobriety test performance, irritability and restlessness, and the combination of a suspected methamphetamine syringe in [Smith's] vehicle and a fresh injection site on [Smith's] arm."

The evidence in the record establishes a factual basis to support Smith's guilty plea for operating a vehicle while intoxicated, third or subsequent offense.[1] *See State v. Adams*, No. 02-0523, 2003 WL 22015791, at *1 (Iowa Ct. App. Aug. 27, 2003) (concluding substantial evidence supported the defendant's conviction for operating while under the influence based in part upon the defendant's impaired balance and failing the field sobriety tests); *State v. Heilesen*, No. 01-1961, 2002 WL 31312644, at *4 (Iowa Ct. App. Oct. 16, 2002) (finding the defendant's inability to perform field sobriety tests is evidence that he or she is under the influence when there is nothing else in the record to explain the inability to complete them). We affirm.

**AFFIRMED.**

---

[1] Smith does not challenge his admission to two or more prior convictions for operating while under the influence.