# IN THE COURT OF APPEALS OF IOWA

No. 18-0725
Filed March 20, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**RAMONA BRANDT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Ramona Brandt appeals following her entry of an *Alford* plea to a second-degree theft charge. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Israel J. Kodiaga, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Scott, S.J.*

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VAITHESWARAN, Judge.**

Ramona Brandt entered an *Alford* plea to second-degree theft.[1]  On appeal following imposition of judgment and sentence, Brandt contends her attorney was ineffective in failing to challenge the factual basis for the plea.

A person claiming ineffective assistance of counsel must prove (1) breach of an essential duty and (2) prejudice.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "If trial counsel permits a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is no factual basis to support the defendant's guilty plea, trial counsel breaches an essential duty" and "we presume prejudice."  *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).  While ineffective-assistance claims are generally preserved for postconviction relief, we find the record adequate to address the issue.  *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

A person commits theft by misappropriation when the person:

> Misappropriates property which the person has in trust, or property of another which the person has in the person's possession or control, whether such possession or control is lawful or unlawful, by using or disposing of it in a manner which is inconsistent with or a denial of the trust or of the owner's rights in such property, or conceals found property, or appropriates such property to the person's own use, when the owner of such property is known to the person.

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Iowa Code § 714.1(2) (2016). "The theft of property exceeding one thousand dollars but not exceeding ten thousand dollars in value . . . is theft in the second degree." *Id.* § 714.2(2).

Brandt contends "[t]he [m]inutes of [t]estimony do not provide a factual basis" for the requirement that she used or disposed of the property "in a manner which is inconsistent with or a denial of the trust or of the owner's rights." We disagree.

The minutes stated a woman "lived in her own home" but "required 24 hour care due to her numerous medical conditions including dementia." The woman owned a stand at the Iowa State Fair and received most of her fair income "in cash." She also "received social security payments." The woman signed "a power-of-attorney document" naming her daughter, Brandt, "as her attorney-in-fact." Brandt "was specifically not authorized to make gifts of [the woman's] assets." The power-of-attorney document instructed Brandt "she was to act in [the woman's] best interests, to act in good faith, to do nothing beyond the authority granted in the document, to act loyally, avoid conflicts, and to keep all records." An investigation revealed that Brandt "took $32,973.70 from [the woman's] accounts for [her] own benefit." Brandt "gambled over $100,000" in a single year and "obtained a[n] $8500 loan in [the woman's] name." "[C]ash from the Iowa State Fair stand was missing."

The minutes provided a factual basis for finding Brandt's conduct inconsistent with the trust vested in her by virtue of her power of attorney. Accordingly, counsel did not breach an essential duty in failing to challenge the plea for lack of a factual basis.

We affirm Brandt's plea and her conviction, judgment, and sentence for second-degree theft.

**AFFIRMED.**