# IN THE COURT OF APPEALS OF IOWA

No. 18-1031
Filed April 3, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ROBERT ALLEN BROWN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor and Joel W. Barrows, Judges.

Defendant appeals his conviction and sentence for operating while intoxicated. **AFFIRMED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Carr, S.J.*  Tabor, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Robert Brown pled guilty to operating while intoxicated, third offense, in violation of Iowa Code section 321J.2(2)(c) (2017). He now appeals his conviction and sentence. On appeal, Brown asserts his counsel was ineffective for allowing the district court to accept his guilty plea without a factual basis.

Generally, we review challenges to guilty pleas for correction of errors at law. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006). "However, when the challenge arises in the context of an ineffective-assistance claim, our standard of review is de novo." *Id.* For Brown to prevail on his ineffective-assistance claim, he must show counsel failed to perform an essential duty and such failure resulted in prejudice. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A district court "shall not accept a plea of guilty without first determining that the plea . . . has a factual basis." Iowa R. Crim. P. 2.8(2)(b). Therefore, "[w]here a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

"A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). At the plea hearing, the following colloquy occurred:

> THE COURT: Will you tell me in your own words just what caused you to be charged with OWI third or subsequent offense?
> BROWN: Stopped, had a couple drinks, just got off work and got a little—got carried away with it and got in a vehicle and drove home and made a wrong choice.

>THE COURT: Well, when you say you had a couple drinks, were they alcoholic beverages?
>
>BROWN: They were mixed drinks, alcohol, hard liquor, yeah.
>
>THE COURT: And at the time you were driving, were you under the influence of an alcoholic beverage so your abilities to drive the motor vehicle were impaired?
>
>BROWN: Yes, your Honor.

Brown now argues this colloquy does not elicit sufficient facts to establish he was "under the influence" because "he did not mention any effect on his reasoning, mental ability, judgment, emotions, or bodily control." Specifically, he claims his acknowledgement of his impaired abilities to drive is insufficient to prove he was under the influence because "he did not elaborate on the extent of the impairment."

For the crime of operating while intoxicated, the State must prove two elements: (1) the defendant operated a motor vehicle and (2) the defendant was "under the influence" of alcohol or some other drug at the time of operation. *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) (citing Iowa Code § 321J.2). Based on the colloquy above, Brown admitted to having alcoholic beverages and admitted he "got carried away." He also stated he "got in a vehicle and drove home and made a wrong choice." The district court then asked Brown if he was under the influence at the time of driving, and Brown confirmed he was. Furthermore, the minutes of evidence include the arresting officer's report that provides the officer responded to a complaint about an erratic driver, found Brown in the driver's seat with vomit on the door, detected an odor of alcohol, saw beer and liquor in the center console, and observed Brown had slurred speech and impaired balance. We find there is sufficient evidence to establish a factual basis for the guilty plea based on Brown's inquiry as well as the minutes of evidence. *See Ortiz*, 789 N.W.2d at 768.

Because there is a factual basis for Brown's guilty plea, we find his counsel did not breach an essential duty. *See Schminkey*, 597 N.W.2d at 788. Therefore, Brown has failed to prove counsel was ineffective, and we affirm his conviction and sentence. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (noting "both elements do not always need to be addressed," because an ineffective-assistance claim will fail if one element is not proven by a preponderance of the evidence).

**AFFIRMED.**