**IN THE COURT OF APPEALS OF IOWA**

No. 18-2153
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HAMILTON S. DRANE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Heather L. Lauber (guilty plea) and Robert J. Blink (sentencing), Judges.

        Hamilton Drane appeals the judgment and sentence imposed after pleading guilty to being a felon in possession of a firearm and operating a motor vehicle while intoxicated.  **AFFIRMED.**

        Seth Harrington of Harrington Law LC, Urbandale, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Hamilton Drane appeals the judgment and sentence imposed after his September 21, 2018 guilty pleas to being a felon in possession of a firearm and operating a motor vehicle while intoxicated. He contends his firearm plea was not knowingly and voluntarily entered and plea counsel was ineffective in failing to file a motion in arrest of judgment.[1] We affirm.

At the plea hearing, the State explained, "Your Honor, the plea agreement simply calls for the defendant to plead guilty as charged to the two counts but have the right to argue for any legal sentence. That's the agreement and in addition the State will not seek habitual offender application." The court informed Drane it was not bound by the recommendation of either party at the time of sentencing. Drane responded he understood.

A factual basis for each charge was made on the record. With respect to the felon-in-possession charge, the following colloquy occurred:

> THE COURT: Did you know you had a firearm in your possession?
> THE DEFENDANT: I don't remember picking it up or taking it, I guess is what I should say.
> THE COURT: Miss Turner [defense counsel], is there any colloquy you would like to make with your client?
> MS. TURNER: Real briefly, your Honor. Mr. Drane, first off you recognize that you were previously convicted of a felony, correct?
> THE DEFENDANT: Yes.
> MS. TURNER: You know that you are not allowed to have a firearm as a felon, correct?

---

[1] The Iowa legislature amended Iowa Code section 814.6 and 814.7, effective July 1, 2019, limiting direct appeals from guilty pleas and eliminating direct-appeal ineffective-assistance-of-counsel claims. 2019 Iowa Acts ch. 140, §§ 28, 31 (to be codified at Iowa Code §§ 814.6–.7). The amendments "apply only prospectively and do not apply to cases pending on July 1, 2019," and therefore do not apply in this case. *State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

> THE DEFENDANT: Yes.
> MS. TURNER: And on June 8 when you came into contact with police, there was a firearm in your pants, correct?
> THE DEFENDANT: Yes, ma'am.
> MS. TURNER: So you would agree that you had possession of that firearm?
> THE DEFENDANT: Yes, ma'am.
> MS. TURNER: At some point you knew that you had a firearm in your possession?
> THE DEFENDANT: Yes.

Drane acknowledged he had a prior felony conviction. The court asked Drane, "[W]hat is the felony offense you were convicted of in 2011?" Drane stated, "Neglect or abandonment." Drane agreed the court could reference the minutes of testimony to establish the factual bases for the charges.

After further colloquy, the court found Drane was voluntarily and intelligently pleading guilty and accepted the pleas. Drane was informed of the need to file a motion in arrest of judgment if he wanted to attack or challenge the guilty pleas. He did not file a motion in arrest of judgment.

Drane appeals, asserting he did not adequately understand the elements of the offense of being a felon in possession of a firearm, and therefore, his plea counsel should have filed a motion in arrest of judgment. He argues,

> If this had been done, Drane would have been given the opportunity to plead anew. This was important, first because he would have had an understanding of the elements of the charge the second time, as required by the federal and Iowa constitutions, and second, he may well have changed his mind and decided to proceed to trial, and the outcome may well have been different.

Upon our de novo review, *see State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999), we conclude Drane's ineffective-assistance-of-counsel claims fail because he has not shown counsel breached a duty. *See State v. Ortiz*, 789 N.W.2d 761, 764–65 (Iowa 2010) ("To prove ineffective assistance, the defendant

must demonstrate by a preponderance of evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.' Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea." (citations omitted)).

The record adequately establishes Drane was a felon in possession of a firearm, as shown by the guilty-plea colloquy and the minutes of testimony. The colloquy also supports the court's finding that Drane entered his plea voluntarily. Because counsel has no duty to file a meritless motion, *see id.* at 768, we affirm his convictions.

**AFFIRMED.**