# IN THE COURT OF APPEALS OF IOWA

No. 18-1685
Filed October 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEREK MORRISON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

        Defendant appeals his convictions and sentences after pleading guilty to various offenses. **ELUDING CONVICTION VACATED, SENTENCES VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**

        Mark C. Smith, State Appellate Defender, (until withdrawal) and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Derek Morrison was charged in three trial informations.[1]  Morrison pled guilty to several offenses, including attempting to elude in violation of Iowa Code section 321.279(3).[2]  The district court imposed a sentence for each offense to which Morrison pled guilty.  Each sentence included a prison term.  The district court also ordered Morrison to pay court costs.

On appeal, Morrison argues (1) the record contains an insufficient factual basis for the attempt to elude charge and (2) the district court should not have awarded court costs before determining his reasonable ability to pay.  We agree.

As to the eluding charge, the State concedes the record does not establish a factual basis that Morrison was pursued by a vehicle "driven by a uniformed peace officer," as required by Iowa Code section 321.279(3).  So we vacate his conviction and sentence on that charge.  We remand "for further proceedings at which time the State may supplement the record to establish a factual basis." *State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999).

---

[1] We refer to each case by an abbreviated form of their case numbers: 659, 660, and 724. In case 659, Morrison was charged with second-degree theft, in violation of Iowa Code sections 714.1 and 714.2(2) (2017) and attempt to elude, in violation of Iowa Code section 321.729(3).  And in case 660, he was charged with first-degree robbery, in violation of Iowa Code sections 711.1(a) and 711.2.  Finally, in 724, he was charged with attempted murder, in violation of Iowa Code sections 707.11(1) and 707.11(2); first-degree robbery, in violation of Iowa Code sections 711.1(1)(b), and 711.2; conspiracy to commit a forcible felony, in violation of Iowa Code sections 706.1(b) and 706.3(1); intimidation with a dangerous weapon, in violation of Iowa Code section 708.6; and carrying weapons, in violation of Iowa Code section 724.4(1).

[2] We recognize Iowa Code section 814.6 was recently amended to prohibit most appeals from guilty pleas.  *See* 2019 Iowa Acts ch. 140, § 28.  In *State v. Macke*, however, our supreme court held these amendments "apply only prospectively and do not apply to cases pending on July 1, 2019."  933 N.W.2d 226, 235 (Iowa 2019).  We are bound by our supreme court's holding.  We conclude, therefore, the amendments "do not apply" to this case, which was pending on July 1, 2019.  *See id.*

As to the court costs, under Iowa Code section 910.2(1)(a)(3), the district court may only order restitution for costs after finding the defendant has a reasonable ability to pay. *See State v. Albright*, 925 N.W.2d 144, 159 (Iowa 2019). And the district court must know the amount of costs before making an ability-to-pay determination. *Id.* at 162 ("Here the court found Albright had the reasonable ability to pay and ordered restitution for items in the second category of restitution without having the amount of each item of restitution before it. This is contrary to the statutory scheme . . . ."). Here, the amounts of the court costs were unknown at the time of sentencing. So we vacate the restitution portions of all the sentencing orders and remand to the district court to order restitution consistent with *Albright*. *See id.* at 158–62.

**ELUDING CONVICTION VACATED, SENTENCES VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**