# IN THE COURT OF APPEALS OF IOWA

No. 21-1628
Filed February 22, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KAMI MARIE LILLIBRIDGE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert Hanson, Judge.

The district court prohibited the defendant from carrying a firearm following her conviction for possession of a controlled substance, first offense (marijuana), which the defendant challenges. **VACATED AND REMANDED.**

Fred Stiefel, Victor, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

In August 2021, Kami Lillibridge was charged by trial information with possession of a controlled substance, first offense (marijuana). Lillibridge later filed a written guilty plea; she waived her right to be present at plea proceedings and sentencing.

On September 30, the district court accepted the guilty plea, adjudged Lillibridge guilty, and sentenced her to forty-eight hours in jail. The sentencing-order form contained the following, which the district court left blank:

**OTHER MATTERS**

☐ Based on the information available to the court in the record, and the disposition or adjudication in this case, the court finds the Defendant qualifies as an "unlawful drug user or addict," as defined by Iowa Code section 724.8(6) and 18 U.S.C. 922(g)(3). Pursuant to Iowa Code sections 724.31A and 724.15(2)(d) notice is given that the Defendant is prohibited from acquiring or carrying a firearm or a dangerous weapon as they are ineligible. Pursuant to Iowa Code section 724.31A, subsection 2, the Defendant named above may submit a written request to the Iowa Department of Public Safety to update, correct, modify, or remove the Defendant's record in any database that the department of public safety makes available to the national instant criminal background check system. The finding of the court is based the criteria set forth in 27 CFR § 478.11 (Unlawful user of or addicted to any controlled substance) and specifically on the following considerations:

☐ Defendant has received a conviction, adjudication, or deferred judgment within the past year for controlled substance offense(s) under Iowa Code chapter 124;

☐ Defendant has received a conviction, adjudication, or deferred judgment within the past year for controlled substance offense(s) under Iowa Code chapter 453B;

☐ Defendant has received a conviction, adjudication, or deferred judgment within the past year for offense(s) under any state or federal statute relating to controlled substances;

☐ The Defendant has multiple arrests in the past five years, with the most recent arrest being within one year, for controlled substances offenses under Iowa Code chapter 124 or 453B;

☐ The Defendant through a chemical drug test, provided within the past year, has been found to use controlled substances unlawfully under Iowa Code chapter 124;

☐ The Defendant has made admissions to recent or ongoing unlawful drug usage in violation of Iowa Code chapter 124;

☐ Recent usage of a controlled substance shown by other evidence:_____.

Yet, also on September 30, the court entered an order notifying Lillibridge it "issued an order or judgment by which [she] lost firearm rights because [she] met one or more of the following criteria . . . : Unlawful drug user or addict."

Lillibridge appeals, arguing the district court cannot prohibit her from acquiring or carrying a firearm without first making a finding that she meets the criteria of an "unlawful user or addict" under 18 U.S.C. § 922(g)(3). The State, in

response, urges us to find we lack jurisdiction to consider this appeal.[1] It maintains that, after pleading guilty to a crime other than a class "A" felony, Lillibridge has not shown good cause to raise this issue on appeal. *See* Iowa Code § 814.6(1)(a)(3) (2021).

**Good Cause.** As we must, we start with the question of good cause. *See State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021) ("It is our duty to reject an appeal not authorized by statute." (citation omitted)). Lillibridge characterizes the firearm prohibition as part of a sentence that was neither mandatory nor agreed upon and, relying on *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), asserts she has good cause for this appeal. The State, on the other hand, argues the firearm prohibition is a collateral consequence of Lillibridge's conviction, not a part of the sentence. But whether the firearm prohibition is part of Lillibridge's sentence does not necessarily answer whether she has good cause—good cause for a direct appeal is not limited to sentencing issues. *Cf. State v. Newman*, 970 N.W.2d 866, 870 (Iowa 2022) (finding good cause to consider defendant's claim about lack of competency). "[W]hat constitutes good cause is context-specific . . . ." *Damme*, 944 N.W.2d at 104. "Generally speaking, a defendant asserts a legally sufficient reason and establishes good cause to appeal as a matter of right by asserting a claim on appeal for which an appellate court potentially could provide relief." *Newman*, 970 N.W.2d at 869. We conclude Lillibridge has good cause to challenge whether the district court made the appropriate findings before stripping her of her firearm rights.

---

[1] The State filed two motions to dismiss, and our supreme court ordered each to be considered as part of the appeal before transferring the case to us.

**Firearm Prohibition.** Lillibridge argues that the district court cannot issue a notice of firearm prohibition without first making a finding that she meets the criteria under 18 U.S.C. § 922(g)(3)[2] and the applicable federal regulations. There was no hearing on this issue—Lillibridge's entire case was dealt with "on paper"— and the district court made no pertinent findings. And here, the State concedes it "cannot defend the substance of the notice of firearms prohibition on the existing record."

Both Lillibridge and the State contend that the appropriate remedy is to send the issue back for the district court to consider whether a factual basis exists to support the ordered prohibition. As it is possible a factual basis could be shown, we conclude the best course is to vacate the prohibition and remand for further proceedings to give the State an opportunity to establish a factual basis. *Cf. State v. Schminkey*, 597 N.W.2d 785, 792 (Iowa 1999).

**VACATED AND REMANDED.**

---

[2] 18 U.S.C. § 922(g)(3) states:
> It shall be unlawful for any person—
>
> . . . .
>
> (3) who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802));
>
> . . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.