# IN THE COURT OF APPEALS OF IOWA

No. 18-0587
Filed May 15, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL FRANCIS WATSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Lars G. Anderson,

Judge.


        A defendant appeals from his conviction for possession of a controlled

substance.  **AFFIRMED.**


        C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.


        Considered by Vogel, C.J., Vaitheswaran, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

Michael Francis Watson appeals from his conviction for possession of a controlled substance (methamphetamine). He argues trial counsel was ineffective in allowing him to plead guilty without a factual basis that he knowingly possessed methamphetamine. We find the record supports that element of the offense and affirm.

## I. Facts and prior proceedings

In February 2018, law enforcement officers arrested Watson after a domestic-violence incident. While being booked into the jail, he emptied his pockets, pulling out two glass pipes with a "smokey white residue," a small plastic bag with white residue, and another small plastic bag with round, light-colored pills. The State charged Watson with possession of a controlled substance, (methamphetamine), third or subsequent offense; possession of contraband on the grounds of a correctional facility; and assault causing bodily injury.

Pursuant to a deal with the State, Watson pleaded guilty to possession of methamphetamine as a first offense and assault causing bodily injury; the State dismissed the final count. In his written guilty plea, Watson stated he committed the former offense by "knowingly possessing methamphetamine." The court accepted the plea and entered judgment of conviction. On appeal, Watson contends his plea counsel was ineffective in allowing him to plead guilty despite the lack of a sufficient factual basis that the substance was methamphetamine.

## II. Scope and standard of review

We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Generally, a defendant cannot

challenge the adequacy of a plea proceeding without first moving in arrest of judgment, but an exception applies when the defendant alleges counsel permitted him or her to plead guilty without a factual basis. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013). A defendant may raise an ineffective-assistance claim on direct appeal if the defendant has reasonable grounds to believe the record is adequate for us to address the claim on direct appeal. *Straw*, 709 N.W.2d at 133. The record here is adequate.

"Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014) (quoting *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999)). "Prejudice is inherent in such a case." *Id.* Therefore, our "only inquiry is whether the record shows a factual basis for the guilty plea." *Id.* "The factual basis must be contained in the record, and the record, as a whole, must disclose facts to satisfy all elements of the offense." *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). The record does not need to disclose "evidence that the crime was committed beyond a reasonable doubt." *Finney*, 834 N.W.2d at 62. "A factual basis can be discerned from four sources: (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Ortiz*, 789 N.W.2d at 768.

## III. Analysis

Watson contends there are insufficient facts in the record to show he knowingly possessed methamphetamine. He complains there are no investigative reports about the chemical identity of the substances in question and the minutes of evidence state testimony would be provided by an unspecified department of

criminal investigations (DCI) "Criminalist." He asserts, "[A]bsent any reference to field or laboratory testing in the investigative reports and absent the lab reports themselves . . . [the remaining evidence] is not sufficiently specific nor reliable to establish a factual basis."

In his written guilty plea, Watson agreed the district court could make a determination on the factual basis by "examining the Minutes of Testimony," "reviewing the investigative reports," or "by asking me or counsel to recite and summarize the material facts." For the purposes of a plea, we accept as true all information in the minutes of evidence necessary to establish a factual basis. *See Finney*, 834 N.W.2d at 62; *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) ("Where portions of the minutes are not necessary to establish a factual basis for a plea they are deemed denied by the defendant and are otherwise unproved and the sentencing court cannot consider or rely on them."); *see also State v. Gary*, No. 14-1087, 2015 WL 5278976, at *5-6 (Iowa Ct. App. Sep. 10, 2015).

The minutes indicate a criminalist employed at the DCI Criminalistics Laboratory would testify he or she obtained the sample in Watson's case, "analyzed this evidence," and "found the material to be methamphetamine, a schedule II controlled substance." The lack of a lab report or the failure to identify the specific criminalist—Watson's concern the evidence is "unreliable" or "boilerplate"—is immaterial where we accept the minutes of evidence as true. The minutes also provide the law enforcement officer identified the articles from Watson's pockets as "meth pipes." Because a "meth pipe" is commonly understood to be used for smoking methamphetamine and the "smokey white residue" inside was confirmed as methamphetamine, the record discloses ample

facts to show Watson knowingly possessed the drug.  We find counsel was not ineffective and affirm the conviction.

**AFFIRMED.**