# IN THE COURT OF APPEALS OF IOWA

No. 18-1858
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WALTER LOUIS HOWARD, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II

and John Telleen, Judges.


        Walter Howard Jr. appeals his guilty-plea conviction to one crime and the

sentences imposed on the same crime and another crime in a separate case.

**AFFIRMED.**



        Sharon D. Hallstoos, Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.



        Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Walter Howard Jr. appeals his guilty-plea conviction of third or subsequent domestic abuse assault, arguing his plea was unsupported by a factual basis and counsel was therefore ineffective in allowing him to plead guilty and thereafter failing to file a motion in arrest of judgment. He also argues counsel was ineffective in failing to object to deficiencies in the plea colloquys in relation to said guilty plea and his guilty plea to a similar crime in another case arising out of a separate occurrence.

In February 2018, Howard was charged with domestic abuse assault, third or subsequent offense, as a habitual offender. In March, the State amended its trial information to remove the habitual-offender enhancement. The parties entered a plea agreement under which Howard would plead guilty as charged and the State would recommend the one-year mandatory minimum for Howard's term of incarceration; the agreement provided the State would pursue the maximum term of incarceration in the amount of five years as the mandatory minimum if Howard did not accept the plea deal by a certain date. *See* Iowa Code §§ 708.2A(4), 902.9(1)(e), .13 (2018). At the plea hearing, the court read the terms of the plea agreement into the record and asked Howard if he understood the terms. Howard responded in the affirmative. Later, the court advised Howard his conviction could result in incarceration for up to five years and a minimum of one year would be mandatory; Howard again stated his understanding of the same. Howard ultimately tendered his guilty plea, and the court accepted it.

On appeal, Howard argues "the court and counsel failed to inform [him] of the maximum sentencing enhancement penalties he faced by" pleading guilty.

Although unclear, Howard only appears to be claiming a colloquial deficiency as to the maximum term of incarceration. Howard agrees the court sufficiently advised him of his obligation to file a motion in arrest of judgment to challenge his plea as defective and because he failed to file such a motion he is unable to challenge his plea on the merits. *See* Iowa R. Crim. P. 2.8(2)(d). He may, however, challenge his plea under an ineffective-assistance-of-counsel rubric. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).[1]

We review claims of ineffective assistance of counsel de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Howard must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

Before accepting a guilty plea, courts are required to personally address a defendant in open court and ensure the defendant understands the mandatory minimum and maximum possible punishments provided by statute. Iowa R. Crim. P. 2.8(2)(b); *Weitzel*, 905 N.W.2d at 406. Here, the crime is a class "D" felony. Iowa Code § 708.2A(4). The maximum term of incarceration for such an offense is no more than five years. *Id.* § 902.9(1)(e). "A person convicted of a third or subsequent offense of domestic abuse assault . . . shall be denied parole or work release until the person has served between one-fifth of the maximum term and

---

[1] Recent legislation, effective July 1, 2019, limits our ability to consider guilty pleas and forecloses our ability to consider ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, §§ 28(a)(3), 31 (codified at Iowa Code §§ 814.6(1)(a)(3), .7). Our supreme court recently ruled the new legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *1 (Iowa 2019).

the maximum term of the person's sentence as provided in subsection 2." *Id.* § 902.13(1). Subsection two allows the sentencing court to determine the "minimum term of confinement, within the parameters set forth in subsection 1, required to be served before a person may be paroled or placed on work release." *Id.* § 902.13(2).

Here, the court expressly advised Howard he would be subject to a one-year mandatory minimum and he could potentially be incarcerated for the maximum sentence of five years if he pled guilty. Howard stated his understanding of the same. Rule 2.8(2)(b)(2) requires the court to ensure the defendant understands the mandatory minimum and maximum possible punishments. Section 902.13(1) provides for a mandatory minimum while section 902.13(2) provides for a discretionary minimum, which the rule does not require to be disclosed to a defendant. We find the colloquy to be in compliance with Iowa Rule of Criminal Procedure 2.8(2)(b)(2), and counsel was under no duty to object. Alternatively, we find Howard was not prejudiced, as the court honored the terms of the plea agreement; Howard was ultimately given the most favorable sentence authorized by statute.

Howard was charged with the same crime in a separate case in July 2018.[2] The parties again entered a plea agreement, which was signed by Howard and counsel, under which Howard would plead guilty to the domestic count, count two would be dismissed, Howard would stipulate to violating the no-contact order in the previous case, and the State would recommend a mandatory minimum term of

---

[2] He was also charged with child endangerment.

incarceration in the amount of two years. The agreement left the parties free to make any recommendation as to whether the sentence would be served consecutive or concurrent to the prior conviction. At the plea hearing, the court again read the details of the plea agreement into the record and asked Howard if he understood them. He responded in the affirmative. Later, the court advised Howard he could be imprisoned for up to five years and there would be a mandatory minimum term of imprisonment in the amount of one year. When asked whether he understood "the punishments [he] could receive upon a conviction of this charge," Howard responded, "Yes." Howard subsequently tendered his plea, and the court accepted it. On appeal, Howard argues the colloquy "was deficient because it did not notify him or ensure he understood that the court could have required him to serve five whole years in prison." We disagree on the same grounds discussed above. He was expressly advised pleading guilty could result in up to five years of imprisonment. We find the colloquy to be in compliance with Iowa Rule of Criminal Procedure 2.8(2)(b)(2), and counsel was under no duty to object.

Returning to the first case, Howard also argues his plea was unsupported by a factual basis and counsel was therefore ineffective in allowing him to plead guilty and thereafter failing to file a motion in arrest of judgment.[3] A factual basis

---

[3] Howard's brief is extremely confusing as to which case he is challenging the factual basis underlying his guilty plea. In the heading of his argument, he references the second case. In the body he discusses the first case. Then, later, he again references the second case, noting, "In that case, the court record does not show any existence of a domestic relationship." We find a sufficient factual basis in the second case. As noted, Howard argues the evidence was insufficient to form a factual basis that he and the victim shared a domestic relationship. At the plea hearing in the second case, Howard admitted he and the victim share common children. *See* Iowa Code §§ 236.2(2)(c), 708.2A(1).

is a prerequisite to the court's acceptance of a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "The record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010).

Howard only argues the evidence was insufficient to establish a factual basis that he and the victim shared a domestic relationship. In determining whether a factual basis exists, we consider the entire record before the district court, including the defendant's statements, facts provided by the prosecutor, the minutes of evidence, and any presentence report. *Schminkey*, 597 N.W.2d at 788. Following the plea colloquy, the district court determined a factual basis supported the plea based on Howard's statements at the hearing and a review of the minutes of evidence. The minutes of evidence unequivocally provide the defendant and his victim share two children. We find this sufficient to establish a factual basis for the challenged element, *see* Iowa Code §§ 236.2(2)(c), 708.2A(1), and counsel was under no duty to object or challenge the plea by motion in arrest of judgment.

Having found counsel was not ineffective as alleged, we affirm Howard's conviction in the first matter, and the sentences imposed in both matters.

**AFFIRMED.**