# IN THE COURT OF APPEALS OF IOWA

No. 19-0780
Filed May 13, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TARA LANE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mary E. Howes (acceptance of plea) and Stuart P. Werling (sentencing), Judges.

Tara Lane appeals her conviction, following a guilty plea, of assault with intent to commit sexual abuse not resulting in injury and the sentence imposed. **AFFIRMED.**

Grishma Arumugam, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., Ahlers, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Presiding Judge.**

Tara Lane appeals her conviction, following a guilty plea, of assault with intent to commit sexual abuse not resulting in injury and the sentence imposed. She argues (1) her counsel was ineffective in allowing her to plead guilty and waive her opportunity to file a motion in arrest of judgment absent a factual basis and (2) the court improperly failed to state its reasons for imposing a prison sentence as opposed to a suspended sentence and probation or a deferred judgment.

We review claims of ineffective assistance of counsel de novo. *See State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018). Lane must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). A factual basis is a prerequisite to the court's acceptance of a guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). If counsel allows a defendant to plead guilty and waives the defendant's right to file a motion in arrest of judgment when there is an inadequate factual basis to support the charge, counsel breaches an essential duty and prejudice is presumed. *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014). A factual basis exists when the record, as a whole, discloses facts to satisfy the elements of the crime. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "The record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense." *State v. Ortiz*, 789 N.W.2d 761, 768 (Iowa 2010). In determining whether a factual basis exists, we consider the entire record before the district court, including the defendant's statements, facts provided by the

prosecutor, the minutes of evidence, and any presentence report. *Schminkey*, 597 N.W.2d at 788.

The minutes of evidence disclose the following facts. On Saturday December 17, 2016, twenty-seven-year-old Lane entered fourteen-year-old J.D.'s bedroom at her mother's home and sexually assaulted her by touching J.D.'s breasts in a sexual manner, inserting her fingers into J.D.'s vagina, and licking J.D.'s breast and vagina. J.D. subsequently reported to a sexual assault nurse examiner that she repeatedly told Lane "no." And, according to the minutes of evidence, Lane's "actions were done by force or against the will of" J.D. Lane's DNA was found on J.D.'s breast. According to J.D.'s reports, "she thought Lane was out of it or on something," and Lane smoked a marijuana blunt before assaulting her. The next morning, J.D. returned to her father's home and told her stepmother what Lane had done. The matter was reported to law enforcement the same day. When interviewed by police weeks later, Lane indicated she had consumed marijuana on the night in question. The Iowa Department of Human Services concluded the allegation of sexual abuse to be founded, with Lane as the perpetrator.

Lane was criminally charged. She ultimately filed a petition to plead guilty to assault with intent to commit sexual abuse, admitting the following: "I engaged in physical contact of kissing a minor both on the lips and on her breast; I stopped when she said no more."

Iowa Code section 709.11 (2016) criminalizes assaults, as defined in section 708.1, which are committed with an intent to commit sexual abuse, as defined in section 709.1. "A person commits an assault when, without justification,

the person" does (1) "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act" or (2) "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." Iowa Code § 708.1(2)(a), (b). The minutes of evidence show Lane engaged in multiple acts of physical contact with J.D. while J.D. repeatedly said "no." The facts are sufficient to support a conclusion that Lane assaulted J.D., as her continuous acts of physical contact against J.D.'s verbalization were "intended to result in physical contact which will be insulting or offensive to" J.D. and Lane had the apparent ability to execute the act and, in fact, did so. *See id.* § 708.1(2)(a); *see also Ortiz*, 789 N.W.2d at 768.

We turn to the sexual-abuse component of the crime. *See* Iowa Code § 709.11. Sexual abuse includes any sex act that is performed against the will of the subject of the act or when the subject of the act is a child. *Id.* § 709.1(1), (3). A sex act includes contact between mouth, finger, or hand and the genitalia of another. *Id.* § 702.17(2), (3). The minutes of evidence unquestionably disclose Lane engaged in such contact with J.D.

As to intent to assault and to commit sexual abuse, while Lane argues her "intent is questionable with her under the influence of one or multiple drugs," she ignores "that the 'record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate facts that support the offense.'" *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013) (quoting *Ortiz*, 789 N.W.2d at 768). A factual basis exists so long as the record provides "minimal

support" for the crime. *Id.* at 580. We find support for intent in the record. As such, Lane's guilty plea enjoys a factual basis and counsel was therefore not ineffective in allowing Lane to plead guilty and waive her right to file a motion in arrest of judgment to challenge the plea. We affirm Lane's conviction.

Next, Lane argues the court improperly failed to provide reasons for its decision to impose a prison sentence and deny a deferred judgment. It is true that the court is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d); *accord* Iowa Code § 901.5. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

Lane suggests, "There is no statement of any reason for the imposition of a sentence of imprisonment." However, at the sentencing hearing, the court succinctly stated its reasons for its sentencing decision as follows:

> [B]ased on the recommendation of the [presentence investigation report] author, based on the Defendant's needs, also based on the seriousness of this offense, and for the purposes of both general and specific deterrence, the court will not grant the request for a deferred judgment.
> The court believes that incarceration is recommended and will impose incarceration for the reasons that have been stated here and as stated by the county attorney.

We find the court's terse and succinct statement regarding its sentencing decision to be sufficient to show its reasons for its discretionary decision are viable and affirm the sentence imposed. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

**AFFIRMED.**